**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO: 22-_____** |
| **v.** | : | **DATE FILED: ________** |
| **EMILIANO RODRIGUEZ**<br>**a/k/a "Ismael Del Valle,"**<br>**a/k/a "Luis Borges,"**<br>**a/ka "Jaime Rivera"** | : | **VIOLATIONS:**<br>**18 U.S.C. § 2320 (a) (trafficking in counterfeit goods - 1 count)**<br>**49 U.S.C. § 46312 (causing delivery of hazardous materials by air carrier - 2 counts)**<br>**Notice of Forfeiture** |

**COUNT ONE**

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1. A motor vehicle airbag was a safety device designed to function as a part of a motor vehicle occupant restraint system to protect people, specifically drivers and passengers, in the event of a collision. Depending on a motor vehicle's year of manufacture, airbags were required by law to be installed in the interior cabin of a motor vehicle, including on the driver's side and front passenger side.

2. A motor vehicle airbag system consisted of multiple parts, including: (a) a specially designed, nylon fabric bag, (b) an engineered sensor to trigger rapid inflation of the airbag when the force of a collision equals or exceeds a certain industry standard, and (c) an engineered airbag inflator that, when triggered, causes an instantaneous reaction of certain chemicals to produce a sufficient amount of nitrogen gas to rapidly and fully inflate the airbag to cushion the impact of people against various objects, including the motor vehicle's steering wheel column, front dashboard and windshield, and then deflate.

3. Automobile manufacturers owned various trademarks that were registered in the principal registry of the United States Patent and Trademark Office ("USPTO"), in connection with the production, sales, and distribution of their motor vehicles, motor vehicle accessories and motor vehicle parts, including airbags.

4. Automobile manufacturers had the exclusive right to use and to authorize others to use trademarks registered in the USPTO in connection with the production, sales, and distribution of their motor vehicles, motor vehicle accessories and motor vehicle parts, including airbags.

5. Consumers understand, believe, and expect that motor vehicles, motor vehicle accessories and motor vehicle parts, including airbags, bearing the registered trademarks of an automobile manufacturer meant that the vehicle, accessories, and parts met the manufacturers standards for quality and safety, and established government regulations, and that the manufacturer was responsible for any defects.

6. Counterfeit airbags could contain substandard and defective parts that created public safety hazards. Such airbags could be incapable of timely inflation, and over-inflation that could cause death or serious injury to the vehicle occupants. Counterfeit airbags have exploded and expelled metal shrapnel that impaled drivers and occupants.

7. From at least in or about January 2017 through on or about October 30, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**EMILIANO RODRIGUEZ,**
**a/k/a "Ismael Del Valle,"**
**a/k/a "Luis Borges,"**
**a/ka "Jaime Rivera,"**

and others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, motor vehicle airbag systems and components under the trade names of one or more automobile manufacturers, and knowingly used on, and in connection with, such goods, one or more counterfeit marks, that is, spurious marks identical to and substantially indistinguishable from the genuine marks owned and used by one or more automobile manufacturers to identify such goods, which marks were in use and registered for such goods on the principal register in the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, mistake, and deception.

In violation of Title 18, United States Code, Section 2320(a) and Title 18, United States Code, Section 2.

**COUNTS TWO AND THREE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs one through six of Count One are realleged here.

2. Title 49, United States Code, Section 5101 provides that the purpose of Chapter 51, Title 49, United States Code is "to protect against the risks to life, property and the environment that are inherent in the transportation of hazardous material in intrastate, interstate and foreign commerce."

3. Pursuant to Title 49, United States Code, Sections 5101 *et seq*. (Transportation of Hazardous Material) and the corresponding Hazardous Materials Regulations ('HMR"), including Title 49, Code of Federal Regulations, Section 173.166, airbag modules, also known as airbag inflators, are classified as Class 9 UN3268 dangerous goods, also known as hazardous materials, and must be classified, documented, described, packaged, marked, and labeled in accordance with the HMR, as set forth in Title 49, Code of Federal Regulations, Sections 171 through 180.

4. On or about the dates below, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**EMILIANO RODRIGUEZ,**
**a/k/a "Ismael Del Valle,"**
**a/k/a "Luis Borges,"**
**a/ka "Jaime Rivera,"**

and others unknown to the Grand Jury, willfully delivered and caused to be delivered, property containing hazardous materials, that is, a motor vehicle airbag module, also known as an airbag inflator, a Class 9 dangerous good, to an air carrier for transportation in air commerce, in violation of the regulations and requirements prescribed by the Secretary of Transportation, as

set forth in Title 49, Code of Federal regulations, Sections 171 *et seq*., each representing a separate count in this indictment:

| **Count** | **Approximate Date** | **Item Transported** | **Sent from** | **Air bill No.** |
|---|---|---|---|---|
| Two | September 11, 2019 | Airbag actuators | China | 3319464190 |
| Three | September 24, 2019 | Airbag actuators | China | 897Y02GJ3BK |

In violation of Title 49, United States Code, Section 46312, and Title 18, United States Code, Section 2.

**NOTICE OF FORFEITURE**

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violation of Title 18, United States Code, Section 2320, set forth in this indictment, defendant

**EMILIANO RODRIGUEZ,**
**a/k/a "Ismael Del Valle,"**
**a/k/a "Luis Borges,"**
**a/ka "Jaime Rivera,"**

shall forfeit to the United States of America any property that constitutes or is derived from gross proceeds traceable to the commission of such offense.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2323, to seek forfeiture of any other property of the defendant up to the value of the property subject to

forfeiture.

All pursuant to Title 18, United States Code, Section 2323 and 853.

**A TRUE BILL:**

[redacted]

[redacted] **ERSON**

Ronald A. Sarachan for

**UNITED STATES ATTORNEY**

*No.*________

**UNITED STATES DISTRICT COURT**

***Eastern District of Pennsylvania***

***Criminal Division***

THE UNITED STATES OF AMERICA

vs.

EMILIANO RODRIGUEZ
a/k/a "Ismael Del Valle,"
a/k/a "Luis Borges,"
a/ka "Jaime Rivera"

INDICTMENT

18 U.S.C. § 2320 (a) (trafficking in counterfeit goods - 1 count)
49 U.S.C. § 46312 (causing delivery of hazardous materials by air carrier - 2 counts)
Notice of Forfeiture

[redacted]

*Filed in open court this*________*day,*

*of*________*A.D. 20*________

*Clerk*

*Bail, $*________